AMERICAN BANK & TRUST COMPANY, as Administrator cum testamento annexo of the Estate of James Henry Stuart, Deceased, and American Bank & Trust Company, as Administrator cum testamento annexo of the Estate of Thomas C. White, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 68 Civ. 5001.

United States District Court
S. D. New York.
March 10, 1969.

---

2. Cal.Civil Code, § 172.

Kreindler & Kreindler, New York City, for plaintiffs; Milton G. Sincoff, Gerald A. Roddie, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for United States; Patricia M. Hynes, Asst. U. S. Atty., of counsel.

### WYATT, District Judge.

This is a motion by defendant United States of America for an order dismissing the action because of a prior pending action or, alternatively, for an order transferring the action to the Western District of North Carolina (28 U.S.C. § 1404(a)).

The action ("this third action") is under the Federal Tort Claims Act (28 U.S.C. § 1346(b) and others) for the wrongful deaths of plaintiffs' decedents, alleged to have been caused by the negligence of the United States. The deaths resulted from a collision of two airplanes on July 19, 1967, over Hendersonville, North Carolina, which is within the Western District of North Carolina (28 U.S.C. § 113).

An action (68 Civ. 2538; "the first action") was commenced in this Court on June 21, 1968 by 13 plaintiffs, including the two plaintiffs in this third action.

There were several defendants, including the United States. All the claims were for wrongful death caused by the Hendersonville collision. The claims against the United States, including those of the two plaintiffs in this third action, were exactly the same in the first action as those *now* made by the two plaintiffs in this third action.

By order, with opinion, filed November 27, 1968, the first action (on motion of the United States) was by this Court ordered transferred to the United States District Court for the Western District of North Carolina for "the convenience of parties and witnesses, in the interest of justice". 28 U.S.C. § 1404(a). There were many actions already pending in that Court against some or all of the defendants in the first action and which had arisen out of the same Hendersonville collision. There were other factors referred to in the opinion as requiring the transfer.

The 13 plaintiffs in the first action naturally resisted transfer and have sought a review of the transfer order by petition for a writ of mandamus to our Court of Appeals, which petition is now pending.

On December 13, 1968, the 13 plaintiffs in the first action commenced an action (No. 3000; "the second action") in the United States District Court for the Western District of North Carolina on the same claims and against the same defendants as in the first action. We are told, and accept, that the reason for the second action was to have a means for discovery while the mandamus petition is pending and without prejudicing the position being urged before our Court of Appeals, namely, that this Court lacked power to transfer the first action to North Carolina and thus that the transfer order was void.

This third action was here commenced on December 16, 1968. With respect to the claims of the estates of the two decedents of plaintiffs, they are exactly the same as made for them (with those for other plaintiffs) in the first and

second actions. The reason (readily apparent and understandable) for commencing this third action was to correct a possible jurisdictional defect as to the claims of plaintiffs' decedents in the first action. Counsel for plaintiffs had learned of a defense being asserted by the United States to the claims in the first action of the Administrator of the estates of Stewart and White, namely, failure to comply with 28 U.S.C. § 2675 (part of the Federal Tort Claims Act). The cited section provides that an action for negligence cannot be brought against the United States until after the claim has been presented to the appropriate agency and after (a) it has been denied or (b) six months have elapsed. The claims for the Stewart and White estates were presented on April 17, 1968. The first action was commenced on June 21, 1968. The claims for the Stewart and White estates were denied on July 17, 1968.

The indicated defense of the United States could be made to the first action but not to this third action.

Notice of this motion was given on February 17, 1969 and the motion was returnable on March 4. It was the pendency of the second action which gave the basis for the government's motion to dismiss this third action for prior action pending.

 On February 28, the United States District Court for the Western District of North Carolina dismissed the second action. There is thus no prior action pending and the government seeks to withdraw its motion to dismiss. That branch of the motion is allowed to be withdrawn. I see no reason to make the withdrawal "with prejudice"; what the government may or may not do in the future is entirely speculative.

 There remains the motion to transfer under 28 U.S.C. § 1404(a). That motion must be granted for the same reasons given in ordering a transfer of the first action.

 Consideration has been given to the request of plaintiffs that decision in this respect be stayed until decision on the mandamus petition by the Court of Appeals. Without presuming to anticipate the decision of the higher bench, I do not feel that such a stay would be appropriate. If it turns out that I was in error in ordering transfer of the first action, I will vacate the order transferring this third action.

The motion of the United States is granted and this action is transferred to the United States District Court for the Western District of North Carolina. The Clerk is directed to forward all papers to the Clerk of that Court at Asheville.

So ordered.